131 So.2d 887

**Troy Cabot GRACE**

v.

**STATE.**

**7 Div. 642.**

Court of Appeals of Alabama.

June 27, 1961.

Keener & Keener, Centre, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant stands convicted of violating the provisions of Sec. 128, Tit. 36, Code of Alabama 1940, which reads as follows:

"Duties of driver of vehicle involved in accident resulting in personal injury or death or damage to vehicle.—1. Duties of Driver.—The driver of any vehicle involved in an accident resulting in injury to or death of any person, or damage to a vehicle, shall immediately stop such vehicle at the scene of such accident, and shall also give his name and address, and the registration license number of his vehicle, and shall render to any person injured in such accident reasonable assistance, including the carrying of such injured person to a physician or surgeon for medical or surgical treatment if it is apparent that such treatment is necessary."

The State's evidence tends to show that around 9 P.M. the appellant contacted Sheriff R. C. Leath of Cherokee County and informed him that he thought he had hit a woman near the Harding school after passing an old car; that the woman was walking down the side of the road and took a step in front of him as he was blinded by a light; that he was frightened and did not stop but drove to his home where he stayed three or four minutes during which time he told his wife of the incident, and then reported the accident to the sheriff.

Other evidence presented by the State tends to show that the appellant and sheriff drove to the point where the appellant thought the accident had occurred. A search at this point failed to disclose any injured or dead person. They then drove down the road between a quarter and half a mile and there they saw some egg shells and a cigar box on the pavement. A search here also revealed a woman's slipper and a purse was found in the ditch.

One hundred and five feet from this point of impact the body of the deceased was found in a ditch. She had suffered a severe skull fracture, and her left leg was torn off at the waist. Two fingers of her right hand had been broken and the lower portion of her backbone was broken and crushed.

In his own behalf the appellant testified that as he was driving toward Centre on the night in question he met a car, though he would not say that the lights were bright or dim. Almost immediately he thought he saw some person in the road. Then, according to the appellant, "As I run out of the light, I was temporarily blinded and then I seen something I thought was a woman. I guess I was at least ten feet of her when I saw the reflection of something. I went on and turned around." The appellant further testified that he felt a little jar and when he turned around and went back and didn't see anything, he came on to his home in Centre, told his wife where he was going, and then reported to the sheriff.

On cross-examination the appellant testified that he had been at Baker's "beer

joint" from 4 o'clock in the afternoon until around 8 o'clock and that during this time he had consumed four bottles of beer. As to his condition at the time of the accident, and his conduct immediately thereafter, the record reveals the following:

"Q. Do you say you were under the influence of it? A. You could put it that way. I wasn't drunk.

"Q. You wasn't drunk? A. That is right.

"Q. You didn't stop when you hit this woman? A. No, sir, I never stopped and got out.

"Q. You told the Sheriff you didn't stop? A. Yes, sir."

The appellant further testified that at the time of the accident he was driving around 50 miles an hour.

The State also introduced in evidence photographs of the appellant's automobile taken after the accident. These photographs reveal a rather severe dent on the right front fender of the car just under the headlight, and considerable damage to the headlight itself, as well as another substantial dent on the right-hand portion of the front fender in close proximity to the windshield.

In connection with these photographs, the appellant testified that none of this damage was present on his car prior to the accident.

The record is clearly free of any error resulting from the rulings of the court relative to the admission or rejection of evidence, and the able trial judge was most careful in fully protecting the rights of the accused in regard to his rulings in the trial below.

The only point argued by counsel for appellant in their brief is that the court erred in refusing the defendant's request for the affirmative charge with hypothesis.

We can find no merit in this argument in view of the evidence adduced at the trial. Indeed it would appear that under the appellant's own testimony the lower court could justifiably have given the affirmative charge for the State.

Affirmed.